# EXHIBIT A



UNITED STATES DEPARTMENT OF EDUCATION

THE UNDER SECRETARY

March 31, 2022

The Honorable Robert C. Scott
Chair
Committee on Education and Labor
U.S. House of Representatives
Washington, DC 20515

Dear Chairman Scott:

Thank you for your August 16, 2021, letter to Secretary Miguel Cardona regarding the personal liability of owners, executives, and board members of for-profit colleges. Your letter has been forwarded to me, and I am pleased to respond.

The Department agrees that school owners, not students and taxpayers, should be held liable for the wrongdoing or closure of their institutions and has taken steps to increase taxpayer protections for colleges that incur liabilities with the federal government. For instance, we have required entity owners to co-sign the Program Participation Agreements (PPAs), including in some change of ownership transactions, and updated those steps on March 23.[1] The Department also recently denied an institution's application to be recertified to participate in the federal financial aid programs after an entity owner refused to sign the institution's PPA. The Department is committed to expanding its use of enforcement and financial protection tools to protect both students and taxpayers.

The Department agrees with your concern that the now-shuttered institutions of higher education that you mention closed down and left considerable liabilities owed to the federal government.[2] Unfortunately, the Department did not require the owners of those institutions to assume responsibility for losses by co-signing the PPAs of the institutions. As a result, there is no clear path to collect liabilities from entities or individuals associated with the shuttered institutions. In addition, requiring individuals–whether owners or executives–to sign a PPA in their individual capacity is limited in some cases by § 498(e)(4) of the Higher Education Act. However, under the Department's regulations, an institution is not financially responsible if any person who exercises substantial control over that institution, also exercised control over an institution with unpaid liabilities. *See* 34 C.F.R. § 668.174. Under these rules, individuals who controlled shuttered institutions with unpaid liabilities cannot simply move to a new institution.

---

[1] U.S. Department of Education, "U.S. Department of Education Announces Steps to Hold Institutions Accountable for Taxpayer Losses," Press Release, March 23, 2022, https://www.ed.gov/news/press-releases/us-department-education-announces-steps-hold-institutions-accountable-taxpayer-losses-0.

[2] In response to your request, we have attached a list of all institutions with outstanding financial liabilities incurred within the last five years, with balances as of August 2021.

Page 2

The Department will, moving forward, seek to identify high-risk institutions (particularly those that do not meet the statutory exceptions for the assumption of personal liability in § 498(e)(4) of the HEA) and may, as appropriate, require individual owners or other persons with substantial control, as well as entity owners, to co-sign the institution's PPA and thereby assume responsibility for any losses. We believe that such efforts will put the Department on firm legal footing to pursue collection of unpaid liabilities from other parties when the institution does not have sufficient revenues or assets to satisfy their liabilities.

We are continuing to consider appropriate steps to ensure both students and taxpayers are protected from the misconduct of institutions. For instance, the Department recently announced the approval of more than $70 million in borrower defense claims for former students from DeVry University, the first approved claims associated with a currently operating institution. If those claims are ultimately adjudicated as final liabilities against DeVry, the Department will seek repayment of those liabilities under the authority granted by 34 C.F.R. § 685.308.

Thank you for your ongoing interest in ensuring the owners of for-profit colleges are held accountable when they incur liabilities owed to the federal government. We look forward to continuing to work with you on accountability and enforcement efforts like these. If you have further questions, your staff may contact the Office of Legislation and Congressional Affairs at (202) 401-0020.

Sincerely,

James Kvaal

Enclosure