# EXHIBIT E
# to Complaint
# (Redacted)



Joseph J. Vaughan
T: +1 202 776 2031
jvaughan@cooley.com

**Via Email and FedEx**

September 12, 2022

Susan D. Crim, Director
Administrative Actions and Appeals Service Group
U.S. Department of Education
Federal Student Aid/Partner Enforcement and Consumer Protection Directorate
830 First Street NE — UCP-3, Room 84F2
Washington, DC 20002-8019

**Re:    Initiation of Collection Action based on Discharge of Federal Student Loans
from Borrowers with Approved Borrower Defense Claims for DeVry
University (OPE ID: 01072700, TIN: 362781982, UEI: MN6JA67LM213, RCN:
BD-01072700-2022-N1)**

Dear Ms. Crim:

We are in receipt of the Department's August 29, 2022 letter responding to DeVry's
August 19, 2022 request for necessary information and documentation related to the
Department's Recoupment Notice. Unfortunately, the Department still has not provided
foundation information and documents necessary to allow DeVry to meaningfully respond
to the claims identified in the Recoupment Notice.

In its August 19 letter, we requested that the Department provide (1) the borrower defense
applications submitted to the Department for each of the 649 borrowers for whom the
Department is seeking recoupment and (2) the 136 exhibits and 7 appendices to the
Statement of Facts in Enclosures D and E to the Recoupment Notice. In your August 19
response, you claim that the Department previously provided DeVry with the borrower
defense applications for 648 of the 649 borrowers identified in Enclosure F to the
Recoupment Notice. With your response, you enclosed (i) the one application you claim
the Department had not yet provided to DeVry and (ii) a revised Enclosure F with case
numbers associated with each borrower, as well as the borrower defense regulation and
a general reference to the applicable state under "Applicable Law" (notably without
identifying any actual state law) that the Department claims is applicable to each
borrower. As explained below, the information the Department has provided is still
materially deficient and inadequate for DeVry to provide a meaningful response to the
Recoupment Notice. A summary of some of the numerous deficiencies follows.



September 12, 2022
Page Two

## DeVry Has Not Received Over 40% of the Referenced Borrower Defense Applications and No State Laws to Support Discharges Have Been Identified

DeVry has received only 386 of the 649 granted applications for which the Department seeks recoupment. DeVry has confirmed this using the case numbers provided in the Department's revised Enclosure F, and DeVry has no record of receiving applications for 261 of the applicants identified by case number in Enclosure F, as listed in Appendix A to this letter.[1]

As explained in our August 19 letter, DeVry cannot properly or fairly respond to the Department's Recoupment Notice or defend a recoupment action without receiving, at a minimum, these borrowers' applications. Beyond the spreadsheet provided with the original notice, DeVry has no other information, including the actual claims they are asserting. The applications contain information essential for DeVry to meaningfully respond to the Recoupment Notice, consistent with the mandates of due process.

In addition, the Department's conclusory statements regarding which regulations and state laws apply to each borrower, as added to Enclosure F, are insufficient for DeVry to understand the basis for each discharge and properly respond to the Recoupment Notice. By way of example, each application must be reviewed to determine accurately the regulations and state law, among other things, on which the discharge request was based and granted. The Department's most recent response simply lists a state – and not any state law - for each borrower. Without the actual state law, the only basis a student could assert to defend against a payment request for loans under the BDR rule that controls most of the adjudications in this request, it is unclear why the Department discharged the loan or how the decision aligns with state limitations and requirements.

Accordingly, DeVry respectfully requests that the Department provide the borrower defense applications for each of the 261 claim numbers listed in Appendix A and the 2 claim numbers referenced in footnote 1, pursuant to the Department's obligations under 34 C.F.R. § 685.222(e)(3)(i). In addition, please include the applicable state law for adjudications that rely on that standard for all borrowers that are part of this action.

## The Department Still Has Not Provided the Full Statement of Facts

As the August 29 letter acknowledges, the Department is required under 34 C.F.R. § 668.87(a)(1)(ii) to provide a statement of the facts and law upon which the Department relied to support its position that it is entitled to grant the borrower defense relief and seek

---

[1] In addition, DeVry received applications for case numbers 01417314 and 02099805, but the passwords the Department provided for those applications were incorrect, and therefore DeVry has not been able to open them.



September 12, 2022
Page Three

recoupment from DeVry. With no explanation, the Department asserts that the Statement of Facts provided to DeVry meets the Department's obligations, despite missing 136 exhibits and 7 appendices, including the marketing and enrollment materials the Department claims were misleading (Appendices A–E); "Statements of Borrower Applications that They Relied on DeVry's Misrepresentations" (Appendix F); and a "Collection of Written Statements" (Appendix G).

Plainly, the statement of facts and law upon which the Department purports to have relied in the Recoupment Notice to grant the borrower defense relief and seek recoupment from DeVry is incomplete and legally insufficient to enable DeVry to properly and fairly respond or defend itself. At a minimum, and by way of example, DeVry is entitled to know (i) the materials the Department contends were misleading for each borrower, (ii) the basis for the Department's conclusion that each borrower relied on the allegedly misleading material, (iii) any statements by borrowers relevant to the claims against DeVry, and (iv) any facts or documents that might provide a defense to the claims, such as offsetting payments each borrower has received, among other things. Simply stating referenced items are on file with the Department is insufficient.

The Department has provided no justification for withholding any of this information from DeVry. Accordingly, DeVry repeats its request for complete information and documentation, as the Department is required to provide under its own rules and regulations.

* * * * *

As noted in its August 19, 2022 letter, before DeVry may be required to respond, it is necessary that DeVry receive the information and documents upon which the Department relied to support the grounds for the discharges and claims for recoupment. Only after this information has been provided and DeVry has had adequate time to review it would DeVry be sufficiently informed to address the claims.

Please note that—separate from the failure to provide basic information necessary for DeVry to meaningfully respond to the individual discharges and recoupment claims, as required under applicable regulations, the governing statute, and principles of due process—the process the Department has followed and the procedures proposed to adjudicate the recoupment claims are unlawful. Among other deficiencies, the Department lacks authority to proceed with the claims described in the Recoupment Notice as a group action; fails to apply the proper regulatory scheme to the claims; exceeds recovery limitation periods; fails to detail the process followed and individual facts relied on to determine the damages actually suffered by each borrower that entitles them to the relief the Department granted; and fails to account for the substantial amount



September 12, 2022
Page Four

of funds that have already been paid to borrowers, which the Department must consider in this process.

Accordingly, DeVry requests the Department promptly provide the information and documents described herein and in our August 19 letter and extend the time for DeVry to respond to the Recoupment Notice until 60 days from the date DeVry receives all the information and documents requested. DeVry is also willing to discuss an approach to these proceedings that would allow the parties adequate time to protect their rights and ensure a fair process.

Sincerely

Joseph J. Vaughan

Encl.

cc:    Kerry O'Brien, Management and Program Analyst, Administrative Actions and Appeals Service Group, U.S. Department of Education, via kerry.obrien@ed.gov
David E. Mills, Cooley LLP, via dmills@cooley.com
Thomas L. Monahan III, President and CEO, DeVry University, via tom.monahan@devry.edu
John Lorenz, Chief Financial Officer, DeVry University, via john.lorenz@devry.edu

HIGHLY CONFIDENTIAL

**APPENDIX A**
**Applications Not Received by DeVry**

| Case Number | Borrower Name |
|---|---|
| 01276998 | |
| 01301710 | |
| 01302042 | |
| 01302118 | |
| 01304800 | |
| 01306512 | |
| 01307388 | |
| 01313558 | |
| 01343943 | |
| 01344513 | |
| 01344579 | |
| 01349035 | |
| 01354680 | |
| 01356468 | |
| 01356566 | |
| 01356869 | |
| 01356973 | |
| 01357071 | |
| 01357521 | |
| 01357683 | |
| 01357824 | |
| 01358458 | |
| 01358478 | |
| 01358560 | |
| 01358596 | |
| 01358664 | |
| 01358667 | |
| 01359309 | |
| 01359543 | |
| 01359548 | |
| 01359552 | |
| 01359903 | |
| 01359905 | |
| 01359944 | |
| 01360453 | |
| 01361059 | |

HIGHLY CONFIDENTIAL

| Case Number | Borrower Name |
|---|---|
| 01361399 | |
| 01362181 | |
| 01362340 | |
| 1362395 | |
| 01362898 | |
| 01363488 | |
| 01364246 | |
| 01364866 | |
| 01365078 | |
| 01366215 | |
| 01366331 | |
| 01366905 | |
| 01366906 | |
| 01367144 | |
| 01367469 | |
| 01367856 | |
| 01367962 | |
| 01369007 | |
| 01369037 | |
| 01369039 | |
| 01369283 | |
| 01369832 | |
| 01369911 | |
| 01369921 | |
| 01369937 | |
| 01369951 | |
| 01370074 | |
| 01370352 | |
| 01370571 | |
| 01370588 | |
| 01370699 | |
| 01371623 | |
| 01371630 | |
| 01371648 | |
| 01371782 | |
| 01371784 | |
| 01371929 | |
| 01372600 | |

HIGHLY CONFIDENTIAL

| Case Number | Borrower Name |
|---|---|
| 01373017 | |
| 01373110 | |
| 01373189 | |
| 01374083 | |
| 01374110 | |
| 01374631 | |
| 01374756 | |
| 01375775 | |
| 01375939 | |
| 01376002 | |
| 01376576 | |
| 01376721 | |
| 01377498 | |
| 01377582 | |
| 01377872 | |
| 01377894 | |
| 01377905 | |
| 01378463 | |
| 01378644 | |
| 01378700 | |
| 01378789 | |
| 01379637 | |
| 01379734 | |
| 01380115 | |
| 01380696 | |
| 01381061 | |
| 01381104 | |
| 01381195 | |
| 01381830 | |
| 01381840 | |
| 01381966 | |
| 01382400 | |
| 01382437 | |
| 01382768 | |
| 01382888 | |
| 01382894 | |
| 01382978 | |
| 01383578 | |

HIGHLY CONFIDENTIAL

| Case Number | Borrower Name |
|---|---|
| 01383740 | |
| 01383816 | |
| 01383818 | |
| 01383880 | |
| 01383925 | |
| 01383927 | |
| 01384002 | |
| 01384006 | |
| 01384440 | |
| 01384926 | |
| 01384942 | |
| 01385831 | |
| 01385847 | |
| 01385988 | |
| 01385990 | |
| 01386002 | |
| 01386885 | |
| 01386951 | |
| 01387083 | |
| 01387095 | |
| 01387141 | |
| 01387485 | |
| 01387667 | |
| 01388052 | |
| 01388059 | |
| 01388136 | |
| 01388186 | |
| 01388201 | |
| 01388979 | |
| 01388981 | |
| 01389008 | |
| 01389405 | |
| 01390045 | |
| 01390331 | |
| 01390591 | |
| 01391514 | |
| 01391617 | |
| 01391820 | |

HIGHLY CONFIDENTIAL

| Case Number | Borrower Name |
|---|---|
| 01391952 | |
| 01391953 | |
| 01392113 | |
| 01392203 | |
| 01392285 | |
| 01392519 | |
| 01392616 | |
| 01392658 | |
| 01392871 | |
| 01393127 | |
| 01393418 | |
| 01393426 | |
| 01393450 | |
| 01393503 | |
| 01393509 | |
| 01393561 | |
| 01393641 | |
| 01393956 | |
| 01394009 | |
| 01395326 | |
| 01395331 | |
| 01396020 | |
| 01398110 | |
| 01398129 | |
| 01398256 | |
| 01398302 | |
| 01398414 | |
| 01398587 | |
| 01398797 | |
| 01398971 | |
| 01399007 | |
| 01399280 | |
| 01399601 | |
| 01400031 | |
| 01400218 | |
| 01400243 | |
| 01400481 | |
| 01400683 | |

HIGHLY CONFIDENTIAL

| Case Number | Borrower Name |
|---|---|
| 01400710 | |
| 01401096 | |
| 01401221 | |
| 01401256 | |
| 01402068 | |
| 01402095 | |
| 01402103 | |
| 01402178 | |
| 01402467 | |
| 01402541 | |
| 01402598 | |
| 01402887 | |
| 01403032 | |
| 01403094 | |
| 01403630 | |
| 01403632 | |
| 01404056 | |
| 01404207 | |
| 01404282 | |
| 01404338 | |
| 01404378 | |
| 01404940 | |
| 01405198 | |
| 01405712 | |
| 01405748 | |
| 01405783 | |
| 01405979 | |
| 01406355 | |
| 01406478 | |
| 01406645 | |
| 01406894 | |
| 01407095 | |
| 01407161 | |
| 01407196 | |
| 01407263 | |
| 01408279 | |
| 01409364 | |
| 01409475 | |

HIGHLY CONFIDENTIAL

| Case Number | Borrower Name |
|---|---|
| 01409581 | |
| 01410406 | |
| 01410421 | |
| 01410469 | |
| 01410482 | |
| 01411097 | |
| 01411965 | |
| 01412568 | |
| 01412778 | |
| 01413466 | |
| 01415283 | |
| 01416413 | |
| 01417314 | |
| 01418128 | |
| 01419134 | |
| 01419313 | |
| 01419900 | |
| 01421043 | |
| 01421156 | |
| 01423578 | |
| 01423990 | |
| 01424010 | |
| 01426034 | |
| 01426181 | |
| 01441917 | |
| 01452060 | |
| 01468522 | |
| 01477037 | |
| 01478219 | |
| 01493362 | |
| 01531206 | |
| 01533495 | |
| 02040315 | |
| 02041317 | |
| 02097324 | |
| 02099805 | |
| 02109393 | |