UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVRY UNIVERSITY, INC. <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION and <br><br> DR. MIGUEL CARDONA, *in his official capacity as Secretary of the United States Department of Education*, <br><br> Defendants. | Case No. 1:22-cv-05549 <br><br> Honorable LaShonda A. Hunt <br><br> **ORAL ARGUMENT REQUESTED** |

## PLAINTIFF'S OPPOSED MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, Plaintiff DeVry University, Inc. ("DeVry") by and through undersigned counsel, hereby moves for a preliminary injunction to prevent Defendants United States Department of Education (the "Department") and Dr. Miguel Cardona, in his official capacity as Secretary of the United States Department of Education, from proceeding in the Department's ongoing and unconstitutional administrative action to recoup approximately $23 million in student loans that the Department unilaterally discharged (the "Recoupment Action"), pending final resolution of this case. In support, Plaintiff states as follows:

1. DeVry's proposed First Amended Complaint ("FAC") asserts two structural constitutional claims challenging the authority of the Department to proceed in the Recoupment Action. (ECF No. 33-2.) In Count 5, DeVry alleges that the Department's administrative law judges ("ALJ"), who are inferior officers of the United States, are unconstitutionally insulated from removal by the President in violation of Article II of the United States Constitution. (*Id.* ¶¶ 159–60.) In Count 6, DeVry alleges that the Department's creation of an elaborate administrative

-1-

adjudication recoupment scheme, reflected in the Department's Borrower Defense to Repayment ("BDR") Rules, constitutes an impermissible exercise of legislative power in violation of Article I of the United States Constitution because Congress never delegated such authority to the Department. (*Id*. ¶¶ 164–65.)

2. Through this Motion, DeVry seeks a preliminary injunction to enjoin the Department's Recoupment Action pending the outcome of DeVry's structural constitutional claims. A preliminary injunction is warranted because DeVry is likely to succeed on the merits of Counts 5 and 6, it will suffer irreparable injury in the absence of relief, the balance of the equities weighs in favor of an injunction, and a preliminary injunction would serve the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

3. As described in DeVry's accompanying memorandum of law in support of this Motion, DeVry is likely to succeed on the merits of Counts 5 and 6:

    a. <u>Count 5</u>. The Department's ALJs are insulated from Presidential removal in violation of Article II of the United States Constitution. The Department's ALJs are inferior officers of the United States. They may be removed only for good cause by members of the Merit Systems Protection Board, who are in turn removable by the President only for good cause. This multi-layered tenure protection system for the Department's ALJs violates Article II because it impermissibly interferes with the President's duty to "take Care that the Laws be faithfully executed." U.S. Const. art. II; *Jarkesy v. SEC*, 34 F.4th 446, 464–65 (5th Cir. 2022) (striking down identical removal restrictions as unconstitutional as applied to the United States Securities and Exchange Commission's ALJs); *see also Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 484 (2010) (finding unconstitutional

        statutory scheme that imposed dual layers of good cause removal protection for members of the Public Company Accounting Oversight Board).

    b.    <u>Count 6</u>. The Department's recoupment scheme violates Article I of the United States Constitution as an unconstitutional exercise of legislative power by an executive agency. Congress delegated to the Department only the limited authority to "specify in regulations which acts or omissions . . . a borrower may assert as a defense against repayment." 20 U.S.C. § 1087e(h). Yet, the Department has fashioned an elaborate scheme in which the Department has appropriated to itself the power to adjudicate not only borrower defenses to repayment but also recoupment claims against institutions of higher education. Congress did not intend that its singular and limited direction to establish what defenses may be asserted to avoid repayment of loans would instead result in a massive new program for the adjudication of recoupment. *See FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 160 (2000) ("Congress could not have intended to delegate a decision of such economic and political significance to an agency in so cryptic a fashion.").

4.    DeVry will suffer irreparable harm absent a preliminary injunction enjoining the Recoupment Action. "[S]ubjection to an illegitimate [administrative] proceeding, led by an illegitimate decisionmaker," represents a "here-and-now injury" that is "*impossible* to remedy once the proceeding is over." *Axon Enter., Inc. v. FTC*, 143 S. Ct. 890, 903–04 (2023) (emphasis added) (citation omitted). The inability of later judicial review to remedy the harm to DeVry underscores the irreparable harm to DeVry. *See Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 545 (7th Cir. 2021) (An injury "is irreparable if legal remedies are inadequate to cure it").

5.    The balance of the equities and the public interest together strongly favor an

injunction. The public interest strongly favors enjoining the Department's Recoupment Action because "enforcement of an unconstitutional law is always contrary to the public interest." *Karem v. Trump*, 960 F.3d 656, 668 (D.C. Cir. 2020) (citation omitted). Here, the Department's Recoupment Action is contrary to the public interest in constitutional separation of powers, which is a fundamental structural safeguard designed to protect individual liberties. *See, e.g.*, *Morrison v. Olson*, 487 U.S. 654, 693 (1988) ("the system of separated powers and checks and balances established in the Constitution was regarded by the Framers as a self-executing safeguard against the encroachment or aggrandizement of one branch at the expense of the other") (internal quotation marks and citation omitted). The Department "as a governmental entity, cannot claim that being required to comply with the Constitution is harmful." *Exodus Refugee Immigr., Inc. v. Pence*, 165 F. Supp. 3d 718, 739 (S.D. Ind. 2016), *aff'd*, 838 F.3d 902 (7th Cir. 2016).

6. Pursuant to this Court's Rules, DeVry has conferred with the Department on this Motion, which the Department opposes. DeVry and the Department have agreed to the following briefing schedule:

    a. July 21, 2023: Deadline for the Department to file its opposition

    b. August 11, 2023: Deadline for DeVry to file its reply brief

7. DeVry requested leave to file a brief in excess of the limit of 15 pages, which the Court granted. (ECF Nos. 36, 37.) Pursuant to that request, the memorandum of law filed in support of this motion is 20 pages in length.

For the reasons above and those set out more fully in DeVry's supporting Memorandum, DeVry respectfully requests that this Court enter a preliminary injunction enjoining the Department's Recoupment Action pending final resolution of this case.

Dated: June 30, 2023                                        Respectfully submitted,

                                                                            */s/ Matthew Kutcher*
MATTHEW KUTCHER
BOBBY EARLES
COOLEY LLP
110 N. Wacker Drive
Suite 4200
Chicago, IL 60606
Telephone: (312) 881-6500
Facsimile: (312) 881-6598
mkutcher@cooley.com
rearles@cooley.com

DAVID E. MILLS (*pro hac vice*)
JAY VAUGHAN (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
dmills@cooley.com
jvaughan@cooley.com

*Attorneys for Plaintiff
DeVry University, Inc.*