# EXHIBIT 3



# UNITED STATES DEPARTMENT OF EDUCATION
OFFICE OF HEARINGS AND APPEALS
400 MARYLAND AVENUE, S.W.
WASHINGTON, D.C. 20202
TELEPHONE (202) 245-8300

| | |
|---|---|
| In the Matter of | **Docket No. 22-54-BD** |
| | **Borrower-Defense Proceeding** |
| **DEVRY UNIVERSITY,** | **OPE ID: 01072700** |
| **Respondent** | |

## ORDER DENYING STAY,
## ORDER CLARIFYING SCOPE OF PROCEEDINGS AND
## ORDER BIFURCATING PROCEEDINGS

The Respondent, DeVry University (DeVry), has asked for a stay of this proceeding, that the Secretary's rulemaking be declared invalid, for a determination that the Secretary's actions discharging loans *en masse* were unauthorized, and for bifurcation of this borrower defense proceeding. This order denies the request for a stay of this proceeding, clarifies the limitations of this tribunal's authority, and grants DeVry's request to bifurcate this proceeding.

### Background

The Department of Education has the authority to recoup from institutions the costs to the taxpayer of the amount of borrower defense discharges ("BD") granted to borrowers under the Direct Loan Program. The authority is from Title IV of the Higher Education Act ("HEA"), 20 U.S.C. §§ 1087 et seq. Under the program, subject to the regulatory criteria, students enrolled at participating schools are eligible for federal loans. 20 U.S.C. §§ 1087b(a) and (c). Repayment is deferred while the students are enrolled.[1] The borrower must repay the loan unless they are relieved of the obligation to repay as provided in the HEA or its supporting regulations. 34 C.F.R. §

---

[1] See 34 C.F.R. § 685.204, allowing deferment during enrollment.

685.207(a)(1). If a school's actions justify it, a borrower's obligation to repay is discharged as prescribed by statute and regulation, including those for BD. 20 U.S.C. § 1087e(h); 34 C.F.R. §§ 685.206, 222.

### **Request for Stay of Proceedings.**

There are numerous lawsuits across the country involving the parties. The parties have been ordered to immediately inform this tribunal of any directives to this administrative tribunal that may be generated by any Article III courts, including any directives to stay this proceeding. Upon being so informed, this tribunal would abide by any such directives and stay this proceeding.

DeVry is correct that it is legally permissible to issue a stay in this administrative adjudication. DeVry also argues that a stay is fully justified and the most efficient next step in this proceeding. The authority for a stay is found in 34 CFR § 668.81(G), which states:

> Unless directed by a court of competent jurisdiction, the hearing official, or the Secretary for good cause, if a collateral attack is brought in any court concerning all or any part of any proceeding under this subpart, the challenged proceeding shall continue without regard to the pendency of that court proceeding. No default or other failure to timely act as directed in a proceeding authorized by this subpart shall be excused based on the pendency of such court proceeding.

The orders in place in this proceeding are consistent with the regulatory language. Immediately upon receiving direction from a court of competent jurisdiction, this action will be stayed. But the general principle of administrative adjudication is a process designed to allow for a full administrative adjudication before proceedings in an Article III court, in order to not require the courts to litigate a huge volume of administrative actions, many of which are successfully addressed in the administrative adjudication.

In this proceeding, for example, the parties are under an order to conduct the research and discovery needed to gain accurate figures on the number of students, amounts of loans, types of liability, and potential offsets or recoupment for the students in this appeal. That period ends on Friday, April 7.

The Article III court proceedings have been underway for several months, including the entirety of the time since this action was filed. Neither party has identified any orders or directives to this proceeding issued by any Article III courts, despite ample opportunity to do so.

This tribunal disagrees that a stay in this proceeding is justified and the most efficient next step. While there is the required gathering, interpreting and organizing of individual student data occurring in this proceeding that requires significant effort, this proceeding must precede any Article III challenges. The alternative would lead to an adjudication even more disjointed, with Article III courts being asked to deal with procedural issues that are normally the purview of the

2

administrative proceedings. DeVry's request for a stay of this proceeding is **ORDERED DENIED.**

### Clarification of this Tribunal's Authority

Both parties recognize the limitations of this, and nearly all, administrative proceedings. Here, the applicable Department regulation, 34 C.F.R. § 668.90(d), states:

(d) The hearing official is bound by all applicable statutes and regulations. The hearing official may not—

(1) Waive applicable statutes and regulations; or

(2) Rule them invalid.

The remainder of Subpart G of Title 34 of the Code of Federal Regulations provides the framework for this administrative appeal process. Thus, this tribunal is mandated to interpret the existing statutes and regulations consistently, and is mandated to conduct this proceeding as envisioned by the procedural due process protections in Subpart G. Therefore, although this proceeding does address whether the discharge of loans in this case was proper, it does not address whether the Secretary's rulemaking was valid or whether regulations providing for BD are lawful.

### Order of Bifurcation

The criteria for when bifurcation is appropriate are found in 34 CFR § 668.87(a)(2) of the "Borrower defense and recovery proceedings," and states:

Although the hearing official shall have the discretion to bifurcate proceedings with, or without, a motion of either party, any decision by the designated department official to bifurcate the proceeding in accordance with paragraph (a)(1)(iv)(B) of this section may only be modified on motion with good cause shown.

Thus, if the designated department official had made the decision to bifurcate the proceeding, then this tribunal could only re-combine the two parts on motion, with good cause shown. In a situation such as this, where the designated department official decided not to bifurcate the proceeding, the motion and good cause are not requirements.

DeVry is correct in its assertion that bifurcation is appropriate and necessary. This tribunal agrees that the first phase of this proceeding will center on whether DeVry's actions give rise to borrowers' defense claims. As DeVry states:

As to the 90-percent ads, unless otherwise stipulated, some of the evidence that will be relevant to the proceeding includes (1) testimony and documents concerning the ads, including (i) information on when they ran, (ii) what they stated, (iii) the basis for the claims in the ads, and (iv) any disclosures or caveats provided with the ads; and (2) expert testimony regarding the methodology underlying the ads' claims.

In its motion for bifurcation, DeVry asserted that every single borrower's claim, detail, and defense must be asserted in the first phase. Such a motion for bifurcation under those conditions does not provide any efficiencies or a more orderly process for this administrative appeal. Instead, the appropriate bifurcation for an efficient and orderly process is to address in the first phase whether the Department has established that DeVry's conduct gives rise to a valid basis for relief under the borrowers' defense regulations. If that burden is met, then the second phase will address every single borrower's claim, detail, and defense.

Accordingly, this first phase shall not involve proof on every individual borrower's claims. That proof, which the parties have been working to collect, will be examined during the second phase, after the issue of DeVry's liability is addressed. This proceeding is **ORDERED BIFURCATED.** The parties are reminded that their duties shall continue related to collecting, organizing and analyzing the details of each individual student's claims that will be part of the second phase of this bifurcated proceeding. The February 9, 2023 order of this tribunal states that by April 7, 2023, "the parties shall, at the end of the 60-day period, file a pleading that identifies the source of each information and the number of records involved. The parties are ordered to limit personally identifiable information (PII) when included in submissions to OHA."

**DATE OF ORDER: APRIL 6, 2023**

Robert Layton

Digitally signed by Robert Layton
Date: 2023.04.06 15:24:49 -04'00'

_____

Robert Layton
Administrative Law Judge

<u>SERVICE</u>

This Order has been sent by OES electronic service to:

Jay Vaughan, Esq.
Todd Davis, Esq.
David E. Mills, Esq.
Caitlin B. Munley, Esq.
Katherine Lee Carey, Esq.
Cooley LLP1299 Pennsylvania Avenue, N.W.
Suite 700
Washington, D.C. 20004
By automatic email notice generated by OES.

And to:

Todd Davis, Esq.
Sue Lin, Esq.
Samuel R. Bissell, Esq.
Office of General Counsel
United States Department of Education
400 Maryland Avenue, S.W.
Washington, D.C.  20202
By automatic email notice generated by OES.