# EXHIBIT 4

UNITED STATES DEPARTMENT OF EDUCATION
OFFICE OF HEARINGS AND APPEALS

| | | |
|---|---|---|
| *In the Matter of* | ) | |
| | ) | Docket No. 22-54-SP |
| DeVry University, | ) | Borrower Defense Proceeding |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT DEVRY UNIVERSITY'S RENEWED REQUEST FOR A TEMPORARY STAY OF THE ADMINISTRATIVE PROCEEDING

Respondent DeVry University ("Respondent") renews its request to stay this proceeding (the "Recoupment Action" or "Action") based on recent developments. On April 14, 2023, the Supreme Court issued *Axon Enterprise, Inc. v. Federal Trade Commission*, 143 S. Ct. 890 (2023), which fundamentally redefines federal district court jurisdiction to review certain challenges to agency proceedings. The Court held that a party to an agency proceeding need not await the conclusion of the proceeding to assert constitutional challenges in federal court to the agency's structure and authority to conduct the proceeding, because subjecting a party to an allegedly unconstitutional proceeding constitutes immediate and ongoing harm that cannot be remedied later. On June 16, 2023, DeVry moved for leave to amend its complaint in *DeVry University, Inc., v. U.S. Department of Education*, No. 1:22-cv-05549 (N.D. Ill.), to assert constitutional challenges to the structure of the Department and its authority to enact the recoupment scheme, including by proceeding with this Action, in light of *Axon*.[1]

Respondent recognizes that the Tribunal previously denied a request for a stay, but that decision was before *Axon*. Based on that new decision and Respondent's recent filing in federal

---

[1] A copy of Respondent's motion for leave to amend, including the proposed amended complaint, is included as Exhibit AA to this filing. A copy of the order issued by the district court judge regarding Respondent's motion is included as Exhibit BB to this filing.

district court, Respondent respectfully requests that the Tribunal consider this new request and stay this proceeding. *First*, a stay is necessary to prevent the ongoing constitutional harm to Respondent from being subjected to this Action, a harm the Supreme Court recognizes as an ongoing "here-and-now" injury that is impossible to remedy once the proceeding is over. *Second*, a stay will promote efficiency by avoiding the unnecessary expenditure of time and resources by the Tribunal and the parties, pending resolution in federal court of Respondent's claims that the Department's proceeding is structurally unconstitutional and unauthorized by statute. *Finally*, the Department cannot identify any hardship from a temporary stay pending resolution of Respondent's constitutional claims.

Respectfully, the Tribunal should temporarily stay this Action pending resolution of Respondent's structural constitutional claims in the federal case.

## RELEVANT BACKGROUND

On April 6, 2023, this Tribunal denied Respondent's prior request to stay this Action pending resolution of threshold legal issues in Respondent's original federal court complaint. Although the Tribunal agreed that "it is legally permissible to issue a stay in this administrative adjudication," the Tribunal determined that "the general principle of administrative adjudication is a process designed to allow for a full administrative adjudication before proceedings in an Article III court." The Tribunal reasoned that "this proceeding must precede any Article III challenges" because "[t]he alternative would lead to an adjudication even more disjointed, with Article III courts being asked to deal with procedural issues that are normally the purview of the administrative proceedings." Order at 2–3.

On April 14, 2023, the United States Supreme Court issued the *Axon* decision. *Axon* holds that a party to agency proceedings may seek immediate review in federal district court of

constitutional claims challenging an agency's structure and authority and need not wait for the conclusion of the agency proceeding to assert those claims. A party alleging such claims faces the "here-and-now injury" of being subjected to "unconstitutional agency authority," which "is impossible to remedy once the proceeding is over." 143 S. Ct. at 903 (citations omitted).

On June 16, 2023, Respondent moved for leave to amend the Complaint in the federal case and filed a proposed First Amendment Complaint, which seeks to add two constitutional claims against the Department. (*See* Ex. AA (Respondent's motion for leave to amend and accompanying papers).) As explained in Respondent's motion for leave to amend and as reflected in the proposed First Amended Complaint, Respondent alleges (in proposed Count 5) that the Department's administrative law judges ("ALJs") are unconstitutionally insulated from Presidential oversight in violation of Article II of the U.S. Constitution. In proposed Count 6, Respondent alleges that the Department's borrower defense to repayment ("BDR") and recoupment scheme violates Article I because Congress never delegated authority to the Department to adjudicate borrower defenses or to adjudicate recoupment claims.

Respondent's motion for leave remains pending as of the date of this filing. Respondent intends to move for a preliminary injunction in federal court to enjoin the Recoupment Action as necessary and appropriate.

## ARGUMENT

As the Tribunal recognized in its April 6, 2023 decision, the Tribunal has discretion to stay this proceeding. *See* 34 C.F.R. § 668.81(g). Federal administrative agencies rely on the same factors as federal district courts when determining whether to stay a proceeding due to issues raised

in a separate proceeding.[2]  Under these factors, the Tribunal should "'weigh competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).  Each of these considerations warrants a stay of the Recoupment Action pending the resolution of Respondent's structural constitutional claims in federal court.  Indeed, even if good cause were required for the Tribunal to stay this Action,[3] good cause exists here.

*First*, a stay is warranted because Respondent is suffering substantial and ongoing injury by being subjected to this Action, which Respondent is currently challenging as unconstitutional. As the Supreme Court recently held, "subjection to an illegitimate [administrative] proceeding, led by an illegitimate decisionmaker," unequivocally is a "here-and-now injury" that is "*impossible* to remedy once the proceeding is over."  *Axon*, 143 S. Ct. at 903–04 (emphasis added); *id*. at 904 ("A proceeding that has already happened cannot be undone.").

Respondent is now entitled to immediate judicial review in federal court of its structural constitution claims, without the need to await the outcome of the Recoupment Action.  Indeed, under *Axon*, immediate review and a stay (or injunction) is necessary before this Action progresses because, if the Recoupment Action continues while the constitutional issue is unresolved,

---

[2] Other federal agencies rely on these factors to determine whether to issue a stay in light of another proceeding.  *See, e.g.*, *United States of Am., Complainant v. Black Belt Sec. & Investigations*, OCAHO Case No. 2022A00053, 17 OCAHO 1456B, at *1 (O.C.A.H.O. Mar. 22, 2023) (relying on the *Landis* considerations to determine whether to stay the agency proceeding); *In the Matter of Joseph Jiampietro*, Docket Nos., 16-012-E-I, 16-012-CMP-I, 2018 WL 2945814, at *2 (F.R.B. June 6, 2018) ("[A]n administrative agency ha[s] inherent authority to control its own docket.") (staying agency proceeding pending a decision by the United States Supreme Court).
[3] As Respondent has previously explained, under § 668.81(g), the "good cause" requirement applies only to the Secretary's decision to stay a Department proceeding in light of a collateral proceeding.

Respondent "will lose [its] rights not to undergo the complained-of agency proceedings." *Id*. at 904.

Indeed, even if this Tribunal ultimately ruled for Respondent on "procedural issues" within this Tribunal's authority,[4] that "would not 'obviate the need' to address the constitutional claims." *Id*. at 906. The constitutional claims challenging the structure and authority of the Recoupment Action present an ongoing, current, "here-and-now injury" to Respondent that, under *Axon*, can be alleviated only by staying the agency proceeding. It cannot be alleviated later if, for example, Respondent succeeds in its arguments after a full administrative hearing, because enduring the hearing itself constitutes the injury to Respondent. This, alone, is sufficient reason to stay the proceeding.

*Second*, judicial economy and efficiency strongly favor a stay of this Action. Resolution of Respondent's constitutional claims will likely narrow the issues, if not eliminate the Action altogether. *See Landis*, 299 U.S. at 253 (stay is warranted when resolution of other litigation will likely "narrow the issues in the pending cases and assist in the determination of the questions of law involved"). At a minimum, if the Department's BDR and recoupment scheme violates Article I, as Respondent alleges in the amended complaint, then this Action is unconstitutional and cannot proceed. The Department would have no authority to pursue any recoupment claims against Respondent, and the Tribunal would have no authority to adjudicate such claims. Similarly, and independent of the Article I claim, if the Tribunal is unconstitutionally insulated from Presidential oversight under Article II, as Respondent also alleges in the amended complaint, then the Tribunal

---

[4] The Supreme Court further explained that an agency has "no[] special [expertise] about the separation of powers" and thus "agency adjudications are generally ill suited to address structural constitutional challenges." *Axon*, 143 S. Ct. at 905 (quoting *Carr v. Saul*, 141 S. Ct. 1352, 1360 (2021)).

cannot preside over this Action.

*And third*, the Department cannot claim hardship from a temporary stay of this Recoupment Action, let alone hardship that could outweigh the hardship to Respondent.[5]  A stay simply preserves the *status quo* under the Department's regulations, pending resolution of this Action. *See* 34 C.F.R. § 668.87(b)(2).  Maintaining the *status quo* is critical in light of the structural constitutional claims Respondent has asserted in its federal case, the resolution of which will determine whether the Department has the authority to seek recoupment from Respondent.

Moreover, the student loans underlying this Action have already been discharged, so there is no prejudice to any student borrower as a result of a temporary stay.

## CONCLUSION

For these reasons, Respondent respectfully requests that the Tribunal stay this Action pending resolution of Respondent's structural constitutional claims in the federal case.

---

[5] Even if the Department opposed this stay request, an opposition would not preclude a stay here. *See In the Matter of Lewis M. Hall*, U.S. Dep't of Educ., No. 95-05-DA-S, 1997 WL 1048246, at *1 (Aug. 21, 1997) (noting ALJ issued stay in favor of parallel action litigated in federal district and circuit court despite agency opposition).

Dated: June 21, 2023                    Respectfully submitted,

                                        */s/ Joseph J. Vaughan*
                                        Joseph J. Vaughan
                                        David E. Mills
                                        Caitlin B. Munley
                                        Cooley LLP
                                        1299 Pennsylvania Ave., N.W.
                                        Suite 700
                                        Washington, D.C. 20004
                                        Tel: (202) 842-7800
                                        Fax: (202) 842-7899
                                        Email: jvaughan@cooley.com
                                        Email: dmills@cooley.com
                                        Email: cmunley@cooley.com

                                        Katherine Lee Carey
                                        Cooley LLP
                                        10265 Science Center Drive
                                        San Diego, CA 92121
                                        Tel: (858) 550-6000
                                        Fax: (858) 550-6460
                                        Email: kleecarey@cooley.com

                                        *Counsel for DeVry University*

<u>**CERTIFICATE OF SERVICE**</u>

       This **21st day of June, 2023**, a true and correct copy of the foregoing Respondent DeVry University's Renewed Request for a Temporary Stay of the Administrative Proceeding was served via the Office of Hearings and Appeals Electronic Filing System (OES) and by e-mail, delivery requested, on the following counsel for the United States Department of Education.

                    Todd Davis, Esq.
                    Sue Lin
                    Samuel R. Bissell
                    John Patrick Bailey
                    Office of General Counsel
                    United States Department of Education
                    400 Maryland Avenue, S.W.
                    Washington, D.C. 20202
                    Email: Todd.Davis@ed.gov
                    Email: Sue.Lin@ed.gov
                    Email: Samuel.Bissell@ed.gov
                    Email: John.Bailey@ed.gov

                    */s/ Joseph J. Vaughan*
                    Joseph J. Vaughan
                    *Counsel for DeVry University*