# EXHIBIT 5



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE OF HEARINGS AND APPEALS
400 MARYLAND AVENUE, S.W.
WASHINGTON, D.C. 20202
TELEPHONE (202) 245-8300

|  |  |
|---|---|
| In the Matter of<br><br>**DEVRY UNIVERSITY,**<br><br>          **Respondent** | **Docket No. 22-54-BD**<br>**Borrower-Defense Proceeding**<br>**OPE ID: 01072700** |

## ORDER DENYING STAY

      On June 21, 2023, the Respondent, DeVry University (DeVry or Respondent), renewed its request for a stay of this proceeding, which previously was denied in the April 6, 2023 Order. Respondent states that its renewed request is based on recent developments; namely, the April 14, 2023 issuance of a U.S. Supreme Court opinion in *Axon Enterprise, Inc. v. Federal Trade Commission*, 143 S. Ct. 890 (2023) (*Axon*). According to DeVry, the Axon decision holds that "a party to an agency proceeding need not await the conclusion of the proceeding to assert constitutional challenges in federal court to the agency's structure and authority to conduct the proceeding, because subjecting a party to an allegedly unconstitutional proceeding constitutes immediate and ongoing harm that cannot be remedied."[1] DeVry states that on June 16, 2023, it moved for leave to amend its complaint in *DeVry University, Inc., v. U.S. Department of Education*, No. 1:22-cv-05549 (N.D. Ill.), to assert constitutional challenges regarding the Department's authority to proceed with this borrower defense recoupment action, in light of the *Axon* decision.

---

[1] See Respondent's June 21, 2023 Renewed Request for a Temporary Stay of the Administrative Proceeding.

DeVry argues that a stay is necessary for three main reasons. First, a stay will prevent DeVry from being subjected to the ongoing constitutional harm caused by the continuation of this proceeding, which is a harm that is impossible to remedy as the Supreme Court recognized in the Axon decision. Second, DeVry asserts that a stay will promote efficiency by avoiding the unnecessary expenditure of the time and resources of this tribunal and the parties, pending resolution of DeVry's claims[2] in federal court. And third, DeVry contends that the Department cannot identify any hardship from a temporary stay pending resolution of DeVry's constitutional claim in federal court.

The tribunal is not persuaded that the issuance of the Axon decision mandates that this proceeding be stayed and the tribunal's bases for denying Respondent's previous request for a stay are valid. As the tribunal recognized in its April 6, 2023 Order, it is incumbent upon the parties to immediately notify the tribunal if any directives regarding this proceeding are made by any Article III courts, including any directives to stay this proceeding.

The tribunal again notes that the Article III court proceedings have been underway for many months, including the entirety of the time since this action was filed. Neither party has identified any orders or directives to this proceeding issued by any Article III courts, despite ample opportunity to do so.

The tribunal's orders in place in this proceeding are consistent with the regulatory language regarding borrower defense recoupment actions. 34 C.F.R. §§ 685.206, 222. The tribunal once again states that immediately upon receiving direction from a court of competent jurisdiction, this action will be stayed. As the April 6, 2023 Order stated, "…the general principle of administrative adjudication is a process designed to allow for a full administrative adjudication before proceedings in an Article III court, in order to not require the courts to litigate a huge volume of administrative actions, many of which are successfully addressed in the administrative adjudication." Moreover, the tribunal disagrees that a stay would promote efficiency given the volume of individual student data and other evidence that the parties are engaged in reviewing, interpreting, and organizing. DeVry's renewed request for a temporary stay of this proceeding is **ORDERED DENIED.**

**DATE OF ORDER: JUNE 22, 2023**

Robert Layton
Digitally signed by Robert Layton
Date: 2023.06.22 14:42:33 -04'00'

Robert Layton
Administrative Law Judge

---

[2] DeVry's federal complaint alleges that that the Department's borrower defense proceeding is structurally unconstitutional and unauthorized by statute.

SERVICE

This Order has been sent by OES electronic service to:

Jay Vaughan, Esq.
David E. Mills, Esq.
Caitlin B. Munley, Esq.
Katherine Lee Carey, Esq.
Cooley LLP1299 Pennsylvania Avenue, N.W.
Suite 700
Washington, D.C. 20004
By automatic email notice generated by OES.

And to:

Todd Davis, Esq.
Sue Lin, Esq.
Samuel R. Bissell, Esq.
John Patrick Bailey, Esq.
Office of General Counsel
United States Department of Education
400 Maryland Avenue, S.W.
Washington, D.C. 20202
By automatic email notice generated by OES.