UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVRY UNIVERSITY, INC.<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION and<br><br>DR. MIGUEL CARDONA, *in his official capacity as Secretary of the United States Department of Education*,<br><br>  Defendants. | Case No. 1:22-cv-05549<br><br>Honorable LaShonda A. Hunt |

**PLAINTIFF'S BRIEF IN SUPPORT OF PARTIALLY UNOPPOSED MOTION FOR LEAVE TO CITE SUPPLEMENTAL AUTHORITY**

Plaintiff DeVry University, Inc. ("DeVry") hereby submits this brief in support of its motion for leave to alert the Court to supplemental authorities in further support of Plaintiff's opposition to the pending motion to dismiss filed by Defendants United States Department of Education and the Secretary of Education (together, the "Department"). The supplemental authorities are the intervening decisions by the United States Supreme Court in *Loper Bright Enterprises v. Raimondo*, No. 22-1219, 2024 WL 3208360 (U.S. June 28, 2024), and *SEC v. Jarkesy*, No. 22-859, 2024 WL 3187811 (U.S. June 27, 2024). *See* Exhibits A and B. These supplemental authorities were issued after the close of briefing on the Department's motion to dismiss the First Amended Complaint ("FAC").

The holdings and analyses in *Loper* and *Jarkesy* fundamentally affect the rights of parties in administrative proceedings and the proper role of an Article III court in addressing statutory interpretations by federal agencies and the authority of federal agencies to promulgate regulations.

-1-

These decisions bear directly on important issues raised in the parties' briefing on the pending motion to dismiss and justify further amendment of the pleadings in this case.

*First*, the *Loper* decision pertains to whether the Department's borrower defense to repayment ("BDR") rules and administrative recoupment scheme for BDR claims are within the authority delegated by Congress in 20 U.S.C. § 1087e(h), an argument upon which the Department relies in its motion to dismiss. Specifically, the decision bears on the Department's contention that this Court should defer under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) to the Department's interpretation of § 1087e(h) as authorizing the Department's BDR rules and recoupment scheme for BDR claims. ECF No. 59-1 at 21; ECF No. 60 at 22.

*Second*, the *Jarkesy* decision pertains to issues raised in the pending motion to dismiss briefing regarding whether the Department has authority to utilize an administrative process created and administered by the Department to prosecute and impose a penalty against DeVry for BDR claims premised on purported misrepresentations under state law. Specifically, the *Jarkesy* decision relates to whether Congress can remove the authority to adjudicate the claims akin to common law fraud at issue in BDR recoupment proceedings from an Article III court and assign those claims to an agency for adjudication. 2024 WL 3187811 at *8-10. The *Jarkesy* decision clarifies whether the Seventh Amendment allows Congress to do so. *Id.* at *10-15. These rulings are relevant given the Department's assertion in its motion to dismiss that it has a common law right to recover borrower defense losses from schools. ECF No. 59-1 at 21 n. 8. These rulings are also relevant to DeVry's argument in its opposition brief that Congress did not confer authority on the Department to administratively adjudicate BDR claims. ECF No. 60 at 24 n.26.

In addition, the *Jarkesy* decision addresses whether a party is entitled to a jury trial under the Seventh Amendment for claims like the BDR claims the Department seeks to prosecute in the

administrative proceeding, which would provide additional grounds for DeVry's claim that the administrative action DeVry challenges in this case violates DeVry's constitutional rights and should be enjoined, and, accordingly, that Defendants' motion to dismiss should be denied. *See* 2024 WL 3187811 at *8-10. DeVry may also seek leave to amend the pleadings to add an alternative claim under the Seventh Amendment.

DeVry has conferred with the Department on this motion. Defendants' position is that: "Defendants have no objection to Plaintiff citing *Loper Bright* as supplemental authority. However, Defendants do not believe *Jarkesy*'s Seventh Amendment holding is relevant, as there is no Seventh Amendment claim in this case." DeVry notes that Defendants, in their pending motion for leave to cite supplemental authority (which DeVry did not oppose), cited *Jarkesy* as relevant to the pending motion to dismiss briefing, although Defendants did not seek permission from the Court to cite *Jarkesy* as supplemental authority. *See* ECF No. 67 at 1-2.

For the foregoing reasons, DeVry requests that the Court grant DeVry leave to cite the *Loper* and *Jarkesy* decisions as supplemental authorities that bear on the Court's resolution of the Department's motion to dismiss the FAC.

Dated: July 9, 2024                                             Respectfully submitted,

/s/ Matthew Kutcher
MATTHEW KUTCHER
BOBBY EARLES
COOLEY LLP
110 N. Wacker Drive
Suite 4200
Chicago, IL 60606
Telephone: (312) 881-6500
Facsimile: (312) 881-6598
mkutcher@cooley.com
rearles@cooley.com

DAVID E. MILLS (*pro hac vice*)
JAY VAUGHAN (*pro hac vice*)
ROBBY L.R. SALDAÑA (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
dmills@cooley.com
jvaughan@cooley.com
rsaldana@cooley.com

*Attorneys for Plaintiff*
*DeVry University, Inc.*