**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

DEVRY UNIVERSITY, INC.,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF EDUCATION and

DENISE CARTER, *in her official capacity as Acting Secretary of the United States Department of Education*,[1]

Defendants.

Case No. 1:22-cv-05549

Honorable April M. Perry

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNCONTESTED MOTION TO STAY PROCEEDINGS**

Plaintiff DeVry University, Inc. ("DeVry"), by and through undersigned counsel, respectfully moves to stay these proceedings pending resolution by the United States Supreme Court of *Department of Education v. Career Colleges & Schools of Texas*, No. 24-413 (cert. granted Jan. 10, 2025) ("*CCST*"), which is currently before the Supreme Court on a petition for writ of certiorari to the United States Court of Appeals for the Fifth Circuit.

On August 7, 2024, DeVry filed its Second Amended Complaint in this action, asserting among other claims that the Department exceeded its constitutional and statutory authority in creating affirmative Borrower Defense to Repayment ("BDR") claims, in authorizing the administrative adjudication of BDR claims, and in authorizing group-based BDR discharges. ECF

[1] Acting Secretary Carter is substituted for former Secretary Miguel Cardona as a party in this case pursuant to Federal Rule of Civil Procedure 25(d). *E.g.*, *Rushing v. Experian Info. Sols., Inc.*, 2021 WL 873060, at *1 n.1 (N.D. Ill. Mar. 8, 2021).

No. 75 ¶¶ 145–52, 184–87.

On September 25, 2024, the Department moved to dismiss DeVry's Second Amended Complaint. ECF No. 76. Briefing on the Department's motion was completed on November 20, 2024, upon the filing of the Department's reply brief. ECF No. 78. The Department's motion is not currently set for oral argument. On November 26, 2024, this case was reassigned from the Honorable LaShonda A. Hunt to the Honorable April M. Perry. ECF No. 79.

On January 10, 2025, the Supreme Court granted certiorari in *CCST* to consider whether the United States Court of Appeals for the Fifth Circuit "erred in holding that the [Higher] Education Act does not permit the assessment of borrower defenses to repayment before default, in administrative proceedings, or on a group basis." *CCST*, No. 24-413, 2025 WL 65914, at *1 (U.S. Jan. 10, 2025); Petition for Writ of Certiorari, *CCST*, No. 24-413 (U.S. Oct. 10, 2024), 2024 WL 4504168.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to issue a stay, courts typically consider three factors: (1) whether a stay will unduly prejudice or disadvantage the nonmovant; (2) whether a stay will simplify issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the court. *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009).

A stay of these proceedings while the Supreme Court resolves *CCST* will streamline this case and reduce the burden of litigation on the parties and the Court. *See id.* In *CCST*, the Supreme Court will consider issues raised by both parties in their briefs on the motion to dismiss pending

before this Court,[2] including:

- Whether the Higher Education Act authorizes the Department to create affirmative BDR claims, *see* ECF No. 76-1 at 19–20; ECF No. 77 at 23–24; ECF No. 78 at 8–10; Petition for Writ of Certiorari, *supra*, at 22–23;
- Whether the Higher Education Act authorizes the Department to administratively adjudicate BDR claims, *see* ECF No. 76-1 at 19–20; ECF No. 77 at 23–24; ECF No. 78 at 8–10; Petition for Writ of Certiorari, *supra*, at 23–25; and
- Whether the Higher Education Act authorizes the Department's group-based BDR discharges, *see* ECF No. 76-1 at 22–24; ECF No. 77 at 34–35; ECF No. 78 at 11–13; Petition for Writ of Certiorari, *supra*, at 25.

The Department itself filed the petition for writ of certiorari seeking review in the Supreme Court of the Fifth Circuit's decision in *CCST*. As the Department explained in its petition for writ of certiorari, the Fifth Circuit's decision "casts doubt upon the validity of the Department's" BDR authority. *See* Petition for Certiorari, *supra*, at 33.

The Supreme Court is now considering questions of statutory authority that are directly at issue in the Second Amended Complaint and in the Department's pending motion to dismiss, and therefore the Supreme Court's resolution of those issues will provide guidance that will streamline and clarify DeVry's claims against the Department. Specifically, a ruling by the Supreme Court that the Department lacks authority to create affirmative BDR claims would necessarily be fatal to the recoupment action that DeVry challenges in this action, as the Department's recoupment

[2] The Court previously granted leave for DeVry to cite the Fifth Circuit's *CCST* decision as supplemental authority in opposition to the Department's motion to dismiss DeVry's First Amended Complaint, ECF Nos. 63, 64, 66, and both parties cite the Fifth Circuit's decision in briefing on the Department's pending motion to dismiss the Second Amended Complaint, ECF Nos. 76-1, 77, 78.

attempt is premised on exactly those challenged procedures. *See* ECF No. 75 ¶¶ 16–18, 78–87, 184–87. In addition, the Supreme Court's ruling regarding the Department's authority for group-based BDR discharges will provide guidance on the validity of Count I of DeVry's Second Amended Complaint, which is an Administrative Procedure Act challenge to the group adjudication provisions of the BDR scheme that the Department has moved to dismiss. ECF No. 75 ¶¶ 145–52; ECF No. 76-1 at 22–24. Accordingly, the forthcoming "directly applicable guidance of the Supreme Court" favors issuance of a stay in these proceedings. *Tel. Sci. Corp. v. Asset Recovery Sols., LLC*, 2016 WL 47916, at *5 (N.D. Ill. Jan. 5, 2016).

Pursuant to this Court's Rules, DeVry has conferred with the Department, and the Department takes no position on DeVry's motion to stay. Therefore, the Department will not suffer any prejudice as a result of a stay. *See SEC v. New*, 2019 WL 8261863, at *1 (S.D. Ind. Nov. 26, 2019) (granting stay where nonmovant "ha[d] not voiced any prejudicial concerns" with stay motion where it took "no position").

For the foregoing reasons, DeVry respectfully requests that the Court grant DeVry's motion and stay these proceedings pending the Supreme Court's resolution of the issues raised on certiorari in *CCST*.

Dated: January 24, 2025

Respectfully submitted,

*/s/ Matthew Kutcher*
MATTHEW KUTCHER
BOBBY EARLES
COOLEY LLP
110 N. Wacker Drive
Suite 4200
Chicago, IL 60606
Telephone: (312) 881-6500
Facsimile: (312) 881-6598
mkutcher@cooley.com
rearles@cooley.com

DAVID E. MILLS (*pro hac vice*)
JAY VAUGHAN (*pro hac vice*)
ROBBY L.R. SALDAÑA (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
dmills@cooley.com
jvaughan@cooley.com
rsaldana@cooley.com

*Attorneys for Plaintiff*
*DeVry University, Inc.*